IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WESTERN WORLD INS. CO., | ) | CV NO 05-00742 DAE/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE COUNTY OF HAWAII, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Court heard Plaintiff's Motion for Summary Judgment on

January 22, 2007.  Keith K. Hiroka, Esq., appeared at the hearing on behalf of

Plaintiff; Harry P. Freitas, Deputy Corporation Counsel, appeared at the hearing on

behalf of Defendant.  After reviewing the motion and the supporting and opposing

memoranda, the Court DENIES Plaintiff's Motion for Summary Judgment.

PROCEDURAL BACKGROUND

On October 2, 2006, Western World ("Plaintiff") filed a motion for

summary judgment.  This Court denied the motion because it was filed after the

dispositive motions deadline in the Rule 16 Scheduling Order.  The final pretrial

conference was set for November 27, 2006.  The Magistrate Judge was informed

that the Underlying actions had been consolidated, that little or no discovery had

been conducted in the Underlying Actions, that a Court Annexed Arbitration

Program hearing had been set for April 23, 2007, and that no trial date had been

assigned by the state court.  The Magistrate Judge reset the trial date of this action

to June 5, 2007, and reset the dispositive motions deadline to December 4, 2006.

The amended Rule 16 Scheduling Order was entered on November 29, 2006.

On November 30, 2006, Plaintiff filed its second motion for summary

judgment seeking judgment in its favor declaring that it is not obligated to defend

Defendant in the state court companion cases of <u>Tim Sing v. Mossman</u>, CV. No.

05-1-0297, Circuit Court of the Third Circuit, State of Hawai`i and <u>Astrande v.

County of Hawaii</u>, CV. No. 05-1-0413, Circuit Court of the Third Circuit, State of

Hawai`i.  Defendant filed its opposition on December 28, 2006, and Plaintiff filed

its reply brief on January 11, 2007.

<u>FACTUAL BACKGROUND</u>

Plaintiff is seeking a declaratory judgment that it does not

have the obligation to defend or indemnify the County of Hawaii ("County" or

"Defendant") under the terms of the insurance policy.

Plaintiff sold a Commercial Lines Policy ("Policy") to the County

with the named insured as "Municipality; Fire Department" and additional insured

"The County of Hawai`i."  The Policy provides that Plaintiff "will pay those sums

2

that the insured becomes legally obligated to pay as damages because of any 'bodily injury'" only if the bodily injury is caused by a "professional incident." (Pl.'s Ex. C.)  Professional Incident is defined as any negligent act or omission in the furnishing of:  healthcare services, or any other professional services described in the "Schedule," or professional services conducted while off duty, provided such services are within the scope of emergency medical treatment as prescribed by state law or licensing/certifying authorities.  (Id.)  The Schedule lists "Ambulance Service, First Aid or Rescue Squad . . . Including Paramedics & EMTS."  (Id.)

On September 27, 2005, a complaint was filed in the Third Circuit Court of the State of Hawai`i entitled Marlene Tim Sing, et al. vs. Konrad K. Mossman, et al., Civil NO. 05-1-0297 ("Sing Suit").  (Def.'s Ex. 1).  That suit alleges, among other things, that on August 4, 2005, Konrad K. Mossman ("Mossman"), an employee of the County Fire Department, while operating his personal vehicle departing from a Fire Department function, struck Dale Tim Sing. Dale Tim Sing died, and an examination of his body revealed evidence that someone apparently with training as a paramedic or emergency responder had attempted, unsuccessfully, to revive him soon after the accident.  On October 6, 2005, the County tendered the Sing Suit to Plaintiff and on October 21, 2005, Plaintiff accepted that tender.

3

On January 24, 2006, a complaint was filed in the Third Circuit Court of the State of Hawai`i under Kassy Astrande, et al. vs. County of Hawai`i, et al., Civil NO. 05-1-0413 ("Astrande Suit").  (Def.'s Ex. 2).  That suit has basically the same allegations as the Sing Suit.  On February 21, 2006, Plaintiff accepted the tender of the Astrande Suit.  Thereafter, Plaintiff filed the instant action seeking a declaratory judgment holding that coverage does not exist and thus Plaintiff need not defend or indemnify the County.

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. California Dept. of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party without the ultimate burden of persuasion at trial–usually,

4

but not always, the defendant–has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial"and  may not rely on the mere allegations in the pleadings.  <u>Porter</u>, 419 F.3d  at 891 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)).  In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers.  <u>S. Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties.").  "[A]t least some 'significant probative evidence'" must be produced.  <u>T.W. Elec. Serv.</u>, 809 F.2d at 630  (quoting <u>First Nat'l Bank of Ariz. v.</u>

Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party.  T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

Insurance policies are contracts and therefore "subject to the general rules of contract construction."  Tri-S Corp. v. West. World Ins. Co., 135 P.3d 82, 98 (Haw. 2006).  The language of a particular insurance policy determines the scope of an insurers' duty to defend.  Commerce & Indus. Ins. Co. v. Bank of Haw., 832 P.2d 733, 735 (Haw. 1992).  Any ambiguity or doubts must be resolved

6

in favor of the insured and against the insurer since "insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys." Tri-S Corp., 135 P.3d at 98.

The duty to defend arises whenever there is the mere potential for coverage. AIG Haw. Ins. Co., Inc. v. Smith, 891 P.2d 261, 265 (Haw. 1995). "In other words, the duty to defend rests primarily on the possibility that coverage exists. This possibility may be remote, but if it exists, the insurer owes the insured a defense." Id. (citations, internal quotations, and brackets omitted). To determine whether this possibility exists, the court must review the allegations in the complaint in the underlying action. Id. "The duty to defend is limited to situations where the pleadings have alleged claims for relief which fall within the terms for coverage of the insurance contract. Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend." Hawaiian Holiday Macadamia Nut Co., Inc. v. Industrial Indem. Co., 872 P.2d 230, 233 (Haw. 1994) (internal quotations omitted).

Here, there is no dispute that the County qualifies as an insured under the policy and that Sing's death constitutes a "bodily injury" as defined by the policy. Plaintiff asserts that there is no potential for coverage because there is no allegation in either the Sing Suit or the Astrande Suit that Sing's death was caused

by a "professional incident."   Specifically, Plaintiff asserts that the complaints do

not allege a "professional incident" since neither complaint alleges that the

plaintiffs initiated a Medical Claim Conciliation Panel ("MCCP") proceeding

against the County, which is a jurisdictional prerequisite to maintain a claim for

malpractice pursuant to Haw. Rev. Stat. § 671-12(a).  This argument is

unpersuasive.  There is no language in the insurance policy limiting the definition

of the term "professional incident" to that which would rise to a "medical tort"

under Haw. Rev. Stat. § 671-12(a).  Neither did Plaintiff point to any terms of the

policy requiring that the plaintiff in the underlying case have filed an MCCP

proceeding in order for there to be coverage, or otherwise requiring an allegation of

malpractice.  Instead, "professional incident" is defined as any negligent act or

omission in the furnishing of:  healthcare services, or any other professional

services described in the "Schedule," or professional services conducted while off

duty, provided such services are within the scope of emergency medical treatment

as prescribed by state law or licensing/certifying authorities.  The underlying

complaint alleges that "someone apparently with training as a paramedic or

emergency responder had attempted, unsuccessfully, to revive him soon after the

accident."  (Pl.'s Exs. 1, 2.)  If Plaintiff wanted to ensure that coverage was only

provided in the event the underlying case was about malpractice, it easily could have drafted such language into the policy.

Plaintiff next argues that it has no duty to defend since the insurance policy excludes from coverage liability arising out of the use of any auto, and Sing's death was caused by Mossman's pickup truck.  Defendant argues that discovery is still being conducted and death is not the only bodily injury suffered by Sing.  Indeed, as stated above, Defendant has alleged in the complaint that "someone apparently with training as a paramedic or emergency responder had attempted, unsuccessfully, to revive him soon after the accident."  In answers to interrogatories, Marlene Sing alleged that needles were found at the scene of the accident and that someone at the fire station stated that the needles were the type paramedics used.  Marlene Sing further stated that she found two marks at the base of Sing's neck and one above the buttocks, which could have been needle marks.  Marlene Sing also states that on her way home that night, she and Sing's father noticed a fire rescue ambulance with no lights flashing, but with someone working in the back with the back cab light on.  When Sing's father flashed his headlights to go ahead, the driver waved at him.  Thus, the complaint leaves open the possibility that Mossman, and/or others, injured Sing during their attempts to revive him.

9

Plaintiff also asserts that even if Mossman was the driver of the pickup truck which struck Sing, Mossman was a Fire Equipment Operator, not a paramedic or emergency medical technician and there is no allegation of medical malpractice by a County paramedic or emergency medical technician. Plaintiff however, does not explain the significance of this distinction of job positions and duties. The definition of "professional incident" does not differentiate between the duties of such positions. Furthermore, the definition includes the rendering of First Aid, which a Fire Equipment Operator is responsible for providing to injured persons. Moreover, Mossman was certified as an emergency medical technician-basic at the time of the incident. Finally, the allegations in the complaints are not limited to Mossman. Other individuals may have been involved in the incident.

Therefore, this Court finds that the allegations in the underlying complaints are sufficient to indicate that Sing may have suffered bodily injury from the furnishing of professional services described in the Schedule, such as First Aid, or from services rendered, while off duty, within the scope of emergency medical treatment. As this Court must construe the policy in favor of the insured and as the insurer has a duty to defend whenever there is a potential for coverage, this Court finds that Plaintiff has a duty to defend the County and thus, DENIES its motion.

10

## <u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Plaintiff's Motion for

Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 29, 2007.



_____
David Alan Ezra
United States District Judge


<u>Western World Ins. Co. vs. The County of Hawai`i</u>, Civil No. 05-00742 DAE-
LEK; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT