IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) | CV NO 05-00742 DAE/LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| THE COUNTY OF HAWAIʻI, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
COUNTY OF HAWAIʻI'S MOTION FOR CLARIFICATION OF THE ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
ORDER DENYING PLAINTIFF'S COUNTER MOTION FOR LEAVE TO
TAKE INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS
ENTERED ON MARCH 18, 2008

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Defendant's motion and the

supporting and opposing memoranda, the Court GRANTS IN PART AND

DENIES IN PART Defendant County of Hawaii's Motion for Clarification of the

Order Granting Defendant's Motion for Summary Judgment and Order Denying

Plaintiff's Counter Motion for Leave to Take Interlocutory Appeal and for Stay of

Proceedings Entered on March 18, 2008 ("Motion for Clarification") (Doc. # 69).

The Court finds that the duty to indemnify is unripe for decision. Accordingly, the

Court DISMISSES WITHOUT PREJUDICE Plaintiff Western World Insurance

Company's (the "Insurer") Complaint for Declaratory Judgment ("Complaint")

filed December 1, 2005.

BACKGROUND

The parties are familiar with the underlying facts of this case so the

Court only recounts those that are essential to its immediate decision.  On

November 30, 2006, the Insurer filed a motion for summary judgment seeking a

ruling that it was not obligated to defend Defendant the County of Hawai`i

("County Defendant") in the state court companion cases of Tim Sing v. Mossman,

("Sing suit") and Astrande v. County of Hawai`i ("Astrande suit") (collectively,

the "Underlying Actions"), both of which were filed in the Circuit Court of the

Third Circuit, State of Hawai`i.  On January 29, 2007, this Court denied the

Insurer's motion, finding that the Insurer had a duty to defend in the Underlying

Actions.

On January 18, 2008, County Defendant filed a Motion for Summary

Judgment ("MSJ") on the duty to defend.  On February 25, 2008, the Insurer filed

a Counter Motion for Leave to Take Interlocutory Appeal and for Stay of

Proceedings ("Counter Motion"), which opposed County Defendant's MSJ and

sought a stay of the case so Insurer could appeal the duty to defend issue to the

2

Ninth Circuit Court of Appeals.  On March 18, 2008, this Court granted County

Defendant's MSJ with respect to the duty to defend and denied the Insurer's

Counter Motion (the "March 2008 Order") (Doc. # 66).  The Court determined that

the Insurer had a duty to defend because there was a possibility of coverage but

found it unclear whether County Defendant additionally moved for summary

judgment on the duty to indemnify.  Furthermore, the Court determined that the

Insurer's duty to indemnify could only be established by the resolution of the issue

of liability in the Underlying Actions.  As such, the Court's March 2008 Order did

not reach the indemnification issue.

On April 7, 2008, County Defendant filed the instant Motion for

Clarification, essentially arguing that the Court should have granted summary

judgment on the indemnification issue in its March 2008 Order.  On April 15,

2008, the Insurer opposed the motion (Doc. # 71).  No reply brief was filed.

## DISCUSSION

County Defendant asserts that, generally, a declaratory judgment

action involving an insurance company's duty to indemnify, as opposed to its duty

to defend, cannot be instituted while the action against the insured is pending.[1]

---

[1] The Court notes that not only does County Defendant inaccurately and imprecisely cite the Ninth Circuit case it relies on for this proposition, Am. States Ins. Co. v. Dasatar Corp., 318 F.3d 881, 894 (9th Cir. 2003), but County Defendant

3

Furthermore, County Defendant avers that the evidence supports the position that

no set of facts exist upon which the Insurer can prevail on their Complaint. This is

due to the fact that questions of indemnification turn on the outcome of the

pending Underlying Actions.[2] The Insurer counters that County Defendant's

Motion for Clarification should be denied because the motion is actually one for

reconsideration and, as County Defendant has not presented new material facts, an

intervening change in the law, or a manifest error of law or fact, it should be

denied. For the reasons set forth below, the Court finds that the indemnification

---

also misstates the relevant point of law. The language of the case apparently relied
on by County Defendant does not, as County Defendant claims, indicate that a
declaratory judgment action cannot be instituted while the action against the
insured is still pending. Instead, in applying Oregon state law, the Ninth Circuit
states that the duties to defend and indemnify arise and ripen at different points in
the dispute between the parties. Id. at 893. Moreover, the "duty to indemnify
remains speculative until the underlying proceeding against the insured has
progressed sufficiently to settle the relevant liability issues." Id. at 894. As a
result, "intelligent lawyering . . . would induce counsel to refrain from litigating the
indemnification issue until after the underlying action is concluded." Id.

    This is hardly the blanket prohibition against filing a declaratory judgment
action that County Defendant claims it is. In fact, had this Court found that the
Insurer had no duty to defend based on the facts before it in the summary judgment
filings, it might well have been able to similarly find that there was no duty to
indemnify. As such, the instant action was not somehow legally precluded by the
Underlying Actions.

    [2] According to County Defendants, the Underlying Actions are not currently
set for trial and the parties have stipulated to a stay of the litigation pending the
conclusion of the police investigation into the matter. This assertion is not
disputed by Plaintiff.

issue is not ripe for decision at this time.  In light of the uncertain circumstances

surrounding the progression of the Underlying Actions, as well as considerations

of comity, judicial economy, and fairness to the parties, dismissal without

prejudice of the Insurer's declaratory judgment action is appropriate here.

The Declaratory Judgment Act (the "DJA") provides, in relevant part,

that "any court of the United States, upon the filing of an appropriate pleading,

may declare the rights and other legal relations of any interested party seeking such

declaration, whether of not further relief is or could be sought."  28 U.S.C.

§ 2201(a).  This statute does not dispense with the Article III case or controversy

requirement, nor does it supply the court with subject matter jurisdiction.

Nationwide Ins. v. Zavalis, 52 F.3d 689, 692 (7th Cir. 1995).  Even when these

jurisdictional prerequisites are satisfied, the district court is not compelled to

declare the rights and the relations of the parties.  Brillhart v. Excess Ins. Co. of

America, 316 U.S. 491, 494 (1942).  By its terms, the DJA grants the district court

discretion in deciding whether or not to exercise this authority.  Am. States Ins. Co.

v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994).

In Brillhart, the Supreme Court provided guidance for the exercise of

the district court's discretionary decision whether to entertain declaratory relief.

Id.  Essentially, the district court must balance concerns about comity, the efficient

allocation of judicial resources, and fairness to the parties.  <u>Chamberlain v. Allstate</u>

<u>Ins. Co.</u>, 931 F.2d 1361, 1367 (9th Cir. 1991).  "Ordinarily it would be

uneconomical as well as vexatious for a federal court to proceed in a declaratory

judgment suit where another suit is pending in a state court presenting the same

issues, not governed by federal law, between the same parties. Gratuitous

interference with the orderly and comprehensive disposition of a state court

litigation should be avoided."  <u>Brillhart</u>, 316 U.S. at 495.

Based on the information currently before this Court, it is clear that

the indemnification issue is not ripe at this time.  The ripeness doctrine serves "to

prevent the courts, through avoidance of premature adjudication, from entangling

themselves in abstract disagreements over administrative policies" and requires

assessing "'both the fitness of the issues for judicial decision and the hardship to

the parties of withholding court consideration.'"  <u>Ass'n of Am. Med. Colls. v.</u>

<u>United States</u>, 217 F.3d 770, 779-80 (9th Cir. 2000) (quoting <u>Abbott Labs. v.</u>

<u>Gardner</u>, 387 U.S. 136, 148-49 (1967)).

The parties' previous filings indicate that there are substantial factual

disputes with regard to the death of the individual on which the Underlying

Actions are premised.  The resolution of these factual disputes via the completion

of the ongoing criminal investigation and discovery in the now stayed Underlying

Actions will have a direct and substantial impact on the question of whether the

Insurer must indemnify County Defendant by virtue of the insurance policy.

Accordingly, a substantive ruling on the indemnification issue would unnecessarily

entangle this Court in an area that is properly being adjudicated in State court and,

as a result, would work a substantial hardship on both parties.

Finding the indemnification issue unripe, the Court must then

determine, pursuant to the discretion granted it by Brillhart, what to do with the

instant declaratory judgment action.  While County Defendant contends that this

Court should find in their favor on the indemnification issue, the Insurer argues for

a stay pending the conclusion of the Underlying Actions.  The Court finds neither

remedy appropriate.

First, as to a stay, it is within the court's discretion to grant a stay of

proceedings in its own court.  Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th

Cir. 2005).  The Ninth Circuit has held that in determining whether a stay of a

pending proceeding is appropriate based upon the existence of other similar

proceedings, the district court must weigh "the competing interests which will be

affected by the granting or refusal to grant a stay . . . ."  Id. at 1110.  The

competing interests to be considered are: (1) the possible damage that may result

from the granting of a stay; (2) the hardship that the party seeking the stay may

suffer by being required to go forward; and (3) the orderly course of justice measured by considering wether issues will be simplified or complicated, proof, and questions of law which could be expected to result from a stay. Id. "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time." Leyva v. Certified Grocers of Ca., Ltd., 593 F.2d 857, 864 (9th Cir. 1997). If a stay is granted, it should not be indefinite in nature. Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Clearly, a stay is not appropriate in a case where, as here, the related State actions are stayed, the associated criminal investigation is not completed, and there is no indication of when the actions may proceed.

Second, an outright grant of summary judgment in favor of County Defendants is not warranted because, for reasons discussed above, there are still genuine issues of material fact as to whether the Insurer will eventually be required to indemnify County Defendant. This issue hinges on a full resolution of the facts in the Underlying Actions.

Instead, the Court finds that dismissal without prejudice of the Insurer's declaratory action is advisable here. First, the interests of comity between state and federal courts weigh in favor of this result because a premature decision by this Court on the indemnification issue would negatively impact the

State court's ability to properly preside over the Underlying Actions.  Second,

dismissing the instant action without prejudice would contribute to the efficient

allocation of judicial resources because the instant action would not sit unresolved

on this Court's docket for what could be a number of years while the Underlying

Actions run their course.  Third, dismissal of the declaratory action, with the option

for the Insurer to later re-file, would prove fair to both parties because County

Defendants would not be subject to an unresolved federal lawsuit for an

indeterminate amount of time and the Insurer still has available to it the initial

remedy that it sought, i.e. a declaratory judgment that it is not obligated to

indemnify County Defendant.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART AND

DENIES IN PART County Defendant's Motion to Clarify the March 2008 Order.

The March 2008 Order is clarified as holding that the issue of whether the Insurer

has an obligation to indemnify County Defendants is unripe for review.  As a

result, the Court DISMISSES WITHOUT PREJUDICE the Insurer's Complaint for

Declaratory Judgment filed December 1, 2005.  Following the resolution of the

Underlying Actions, the Insurer may re-file its declaratory judgment action on the

duty to indemnify should the facts adduced during these actions support such a

filing.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, May 15, 2008.



_____
David Alan Ezra
United States District Judge

Western World Ins. Co. vs. The County of Hawai`i, Civil No. 05-00742 DAE-LEK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF HAWAIʻI'S MOTION FOR CLARIFICATION OF THE ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING PLAINTIFF'S COUNTER MOTION FOR LEAVE TO TAKE INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS ENTERED ON MARCH 18, 2008